# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL KONS,

        Plaintiff,

  v.

R. LOPEZ, et al.,

        Defendants.

_____/

CASE NO. 1:08-cv-00994-SMS PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

RESPONSE DUE WITHIN THIRTY DAYS

## I.    Screening Requirement

Plaintiff Michael Kons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 14, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

1

grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

### A.    Summary of the Complaint

Plaintiff alleges that on February 28, 2007, he was placed in administrative segregation for possession of a weapon. Plaintiff was found not guilty and was told that he would be returned to general population. However, on May 2, 2007, the Institution Classification Committee informed Plaintiff that he was to be retained in administrative segregation until he could be transferred to another institution due to gang tensions at the prison. Plaintiff alleges that he did not receive a CDC 114-D explaining the reasons for his retention in administrative segregation until July 20, 2007. Plaintiff was transferred to High Desert State Prison ("HDSP") on October 1, 2007.

Plaintiff alleges that being held in administrative segregation without a written CDC 114-D for several months was a due process violation. Plaintiff also alleges that he was transferred to a 180 yard design level IV at HDSP despite the recommendation that he be transferred to 270 design housing, seemingly in retaliation for litigation of his rights.

### B.    Fourteenth Amendment: Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. <u>See Hewitt</u>, 459 U.S. at 466-68. The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are

limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff fails to allege any facts demonstrating that he had a liberty interest in remaining free from confinement in administrative segregation. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the special housing unit ("SHU") was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Absent a protected liberty interest, Plaintiff fails to state a due process claim.

Morever, even if Plaintiff alleges facts sufficient to establish the existence of a liberty interest in remaining free from administrative segregation, Plaintiff alleges no facts supporting his claim that he was deprived of the procedural due process protections following the May 2, 2007, hearing. Plaintiff alleges that he was not given written notice of the reason for his continued retention in administrative segregation. However, Plaintiff is not entitled to such a written decision. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Accordingly, Plaintiff fails to state a due process claim upon which relief may be granted.

### C. Retaliation

Plaintiff alleges that he was transferred to 180 degree housing instead of 270 degree housing, seemingly in retaliation for filing an inmate grievance. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff fails to allege sufficient facts to state a retaliation claim and also fails to link any defendant to the alleged retaliation claim. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, Plaintiff fails to allege sufficient facts to state a valid retaliation claim upon which relief may be granted.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    March 30, 2009**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE