
# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KONS,<br><br>             Plaintiff,<br><br>     v.<br><br>R. LOPEZ, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-cv-00994-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT<br><br>(Doc. 11) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Michael Kons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2008. On March 31, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on April 24, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.    Plaintiff's Claims

Plaintiff, who is currently incarcerated at the California Correctional Institution in Tehachapi, brings this suit against prison officials at California State Prison-Corcoran for housing him in administrative segregation for more than seven months without due process, and retaliating against him for filing a complaint. Plaintiff names Chief Deputy Warden R. Lopez, Warden Darrel G. Adams, Captain F. P. Field, Correctional Counselors F. Chastain and E. E. Hough, and Lieutenant G. A. Finley as defendants, and seeks money damages.

### A.    Due Process

Plaintiff was initially housed in administrative segregation on February 28, 2007, and charged with possession of a weapon. Plaintiff was found not guilty of the charge on April 11, 2007, but was retained in administrative segregation pending transfer due to tension between different Crips sets and his participation in inciting tension between the groups, an accusation Plaintiff disputes. (Doc. 11, court record p. 11.) Plaintiff alleges he was retained in segregation based on unreliable information, and his rights were violated by the defendants' failure to evaluate the reliability of the confidential informant. Plaintiff alleges he never received a lock-up order outlining the reasons for his retention in segregation, and was not afforded a hearing to challenge the confidential informant's information.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Although Plaintiff argues that he had a liberty interest in remaining free from administrative segregation due to the length of his confinement there, Plaintiff has not alleged any facts supporting a claim that the conditions in administrative segregation constituted atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin at 484. Because Plaintiff fails to establish the existence of a protected liberty interest, his due process claim fails as a matter of law.

### B.      Retaliation

Plaintiff alleges that he filed a complaint regarding his retention in administrative segregation and was "retaliated against by defendants through use of the Mental Health Department at CSP." (Doc. 11, p. 5.) Plaintiff was placed on CCCMS (Correctional Clinical Case Management System) after being told by a "mental health woman" that he looked crazy. Subsequently, he received the Classification Chrono from his July 26, 2007, program review, which falsely stated he had a history of suicide ideation/gesture/attempt, was on psychotropic medication, and was medication compliant. Plaintiff had been endorsed to Centinela State Prison, but the transfer order was rescinded due to his placement on CCCMS and transfer to California State Prison-Lancaster or High Desert State Prison was recommended. Plaintiff thereafter obtained a note from Dr. Staltaro stating that Plaintiff has no history of suicide and is not taking psychiatric medication.

Plaintiff was later transferred to High Desert State Prison, and upon arrival was placed on a 180 design yard on lock-down rather than a 270 design yard. Plaintiff's property was also lost, and he had to file an inmate appeal to get it back. Plaintiff alleges that this pattern of harassment stems from his placement in administrative segregation and the resulting complaint he filed.

1  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition
2  the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
3  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65
4  F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment
5  retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
6  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
7  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
8  a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

9  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated
10 in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis
11 added). This requires the presentation of factual allegations sufficient to state a plausible claim for
12 relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
13 The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

14 Plaintiff's allegations do not support a cognizable retaliation claim. There is no support for
15 a finding that the false information in the Classification Chrono was sufficiently adverse to trigger
16 the protections of the First Amendment, particularly since the information was corrected by Dr.
17 Staltaro.[1] Regardless, there are no factual allegations linking the creation or presentation of the false
18 information to any of the named defendants, and there are no factual allegations linking the creation
19 or presentation of the false information to Plaintiff's act of filing a complaint. Finally, there are no
20 factual allegations linking Plaintiff's placement on a 180 design lock-down yard at High Desert State
21 Prison or the temporary loss of his property to any of the defendants. The conclusory assertion that
22 he was retaliated against by defendants, and the general description of some events that may or may
23 not be adverse enough to rise to the level of a constitutional violation do not support the existence
24 of a plausible retaliation claim against the defendants named in this action. Iqbal at 1949-50.

---

[1] Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

IV.     **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim for relief under section 1983 for denial of due process or retaliation. Plaintiff was previously provided with notice of the deficiencies in his claims and the opportunity to amend, but failed to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   September 10, 2009**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE